## H. M. LEVY *v.* W. K. AZBILL.

### Exceptions from Circuit Court, First Circuit.

Submitted June 13, 1902.         Decided July 5, 1902.

Where money has been voluntarily paid on a contract, it can not be
recovered back without proof that the one to whom it was paid has
failed to perform his part of the contract.

### OPINION OF THE COURT BY PERRY, J.

This was an action, instituted in the District Court of Hono-
lulu, wherein plaintiff claimed of the defendant the sum of $250.
Two counts were stated in the declaration, one for money loaned
and the other for money had and received for the use of the
plaintiff.  On appeal to the Circuit Court, as well as in the Dis-
trict Court, judgment was rendered for the plaintiff for the
amount claimed.  Defendant excepts.

In February, 1900, the defendant, being at the time the lessee
of certain premises known as the Queen Hotel, was approached
by the plaintiff on the subject of the transfer to him in some
form of his, the defendant's, interest in the leased premises and
for the sale of his furniture and other property used in the hotel
business.  The parties having reached an agreement as to the
amount to be paid by the one to the other for the transfer, the
plaintiff, on the morning of February 19, 1900, paid to the
defendant the sum of $250, the written receipt given therefor
setting forth that the payment was "on account of the rent and
furniture and furnishings of the Queen Hotel, as per agreement

to be drawn up hereafter." For the plaintiff it is now claimed that the defendant's agreement as to the land and buildings was to sublease to him for practically the remainder of the term of the lease, that the defendant failed, through inability to procure the lessor's consent to such sublease as required by the terms of the original lease, to perform his part of the contract, that therefore there has been a failure of consideration and that the money should be returned. On the other hand, the defendant's contention is that what he undertook to do, as to the land and buildings, was (1) to assign the lease or, (2) at the plaintiff's option, to sublease to him provided he, the plaintiff, procured the lessor's consent to such sublease, or (3) to make the plaintiff his manager and continue to hold the lease in his own name; that the lease is by its terms assignable without the lessor's consent; and that he has been at all times and is now ready and willing to perform his part of the contract.

The trial court found that the contract was to sublease and that the defendant was to procure the lessor's consent. The evidence, we think, is not sufficient to support that finding. In addition to the receipt above referred to, the only other evidence which can possibly be pointed to as tending to sustain the finding is a letter dated February 19, 1900, where in Azbill says, *inter alia*, to Levy: "I understand your final offer to be as follows, viz: 1. You will take the hotel and the cottage for the period of the unexpired lease less one week at a monthly rental of one hundred and twenty dollars, to be paid on the twenty-fifth of each and every month, beginning with the 25th inst. * * * 3. You wish me to give up possession and control to you on the 20th inst., (tomorrow) from which time all rates and liabilities involved in the lease are to be carried by you, and you agree to turn over to me before the expiration of the lease the hotel and cottage with the appurtenances thereof in the like good condition excepting natural wear from use and natural decay. * * * So, upon the terms you propose, on the understanding set forth in this letter, I agree to rent to you the Queen Hotel and cottage with the appurtenances thereof for the time above mentioned

and for the consideration herein set forth." The evidence is undisputed that at the time the payment of $250 was made and the receipt above quoted given, the parties had not come to any definite understanding as to the *method* of the transfer. Azbill had specifically stated that he was willing to transfer in any one of the three ways above mentioned and upon that state of affairs the money was paid. $1,500 was to be paid by Levy for the "sale" of the lease, furniture and furnishings, and in addition thereto he was to pay Azbill a rental of $120 per month, the original lease requiring a payment to the lessors of $90 per month. The use of the word *rent* in the receipt is thus explained. Subsequently on that day, Levy told Azbill that he thought the lessors would consent to a sublease, and in the evening Azbill wrote the letter of which extracts are quoted above. When the defendant attempted to deliver the letter to Levy early the following morning, Levy declined to accept it as stating the terms of the agreement. Azbill's evidence to this effect is undisputed nor is there anything in the whole record tending to throw discredit on Azbill's testimony. Levy does not testify that he accepted the letter or that it correctly stated the agreement. The meeting last referred to was followed by attempts on Levy's part to obtain the lessor's consent to an assignment or sublease. The lessor after some indefinite answers finally refused to consent, and Levy, fearing legal complications, declined to accept either a sublease or an assignment of the original lease.

Whatever the precise terms of the agreement were, if indeed the parties did subsequently come to any more definite understanding as to the form of transfer, we think it clear that there is not sufficient evidence to justify the finding that Azbill agreed to sublease and to procure the lessor's consent thereto, or that he failed to carry out any agreement made by him. The case presented is one of a payment voluntarily made by the plaintiff to the defendant on a contract. The burden is on the plaintiff to show that subsequent circumstances were such as to require the defendant to return the money to him, as, for instance, that

defendant failed to perform his part of the contract. This burden has not been successfully borne by the plaintiff.

The exceptions are sustained and a new trial ordered.

*G. A. Davis* for plaintiff.

*Magoon & Peters* and *J. Lightfoot* for defendant.